The court,
therefore, that the merits of the case on all the points might be before them, set aside the verdict for the defendant, and ordered a new trial, that a jury might inquire into and settle the fact, as to the allegiance of O’Neil.
At a second trial, had at the sittings after the last term at York, the jury found that O’Neil was a British subject, no evidence being produced that he had been naturalized as was supposed. After the verdict, the cause was continued nisi; and now, at this term,
The Court, without giving any opinion on the first ground of defence, were satisfied that the solicitor-general could take nothing for the commonwealth, as the second ground of defence was sufficient to protect the defendant in holding the premises against the commonwealth.
By the ninth article of the treaty of 1794, it was agreed that British subjects, who then held lands within the United States, and American citizens, who then held lands within the British dominions, should continue to hold them, according to the [*444 ] nature and tenure of their respective estates*and titles therein; and might grant, sell or devise, the same to whom they please, in like manner as if they were natives. It is stated that O ’Neil was a British subject, and held the premises in fee within the meaning of that article, when the treaty was made and ratified ; and that afterwards he granted and sold the same to the defendant in fee, to secure the payment of a sum of money ; and that the defendant lawfully entered for condition broken. Under the article cited, his title cannot now be questioned by the commonwealth.
*363 After this opinion was given, the solicitor-general entered a nolle prosequi.